UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **JANINE BIELAWSKI**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DAVIS ROBERTS BOELLER & RIFE, P.A.**, a Florida professional association,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:18-cv-758<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JANINE BIELAWSKI** ("**BIELAWSKI**" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Pregnancy Discrimination Act (PDA) and Florida Civil Rights Act (FCRA) for (1) pregnancy discrimination in violation of the PDA, and (2) pregnancy discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, **JANINE BIELAWSKI** ("**BIELAWSKI**") is an individual and a resident of Florida who at all material times was employed by **DAVIS ROBERTS BOELLER & RIFE, P.A.** ("Defendant").

3. Defendant is a Florida professional association with a principal place of business located at 2121 S. McCall Road, Englewood, Florida 34224. The Defendant employed **BIELAWSKI** in Charlotte County, Florida.

1

4. The Defendant employs in excess of 15 employees and is an employer under the PDA and FCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **BIELAWSKI**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff was employed in Charlotte County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Charlotte County is within the Fort Myers Division.

8. **BIELAWSKI** timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and received her Notice of Right to Sue on September 24, 2018, a true and accurate copy of which is attached as Exhibit 1.

## GENERAL ALLEGATIONS

9. The Defendant owns and operates a dental practice in Englewood, Florida.

10. **BIELAWSKI** began her employment with the Defendant in October 2014 and was employed as a dental assistant.

11. **BIELAWSKI** always performed her assigned duties in a professional manner and was very well qualified for her position despite her pregnancy.

12. **BIELAWSKI** received great performance reviews from Defendant's managers- that is until she disclosed her pregnancy.

13. In August 2016, **BIELAWSKI** learned she was pregnant and in September 2016, she disclosed the same in writing to the Defendant's practice manager.

14. **BIELAWSKI** became pregnant in July 2016 and her estimated due date was in April 2017.

15. **BIELAWSKI**'s estimated delivery date was April 26, 2017.

16. A few months before her delivery date, on January 6, 2017, the Defendant's practice manager abruptly called **BIELAWSKI** and informed her that she was terminated, just a few months before her anticipated delivery.

17. The Defendant refused to provide a reason to **BIELAWSKI** for her termination and instead merely informed her it "wanted a change."

18. The Defendant then hired another dental assistant who was not pregnant to replace **BIELAWSKI** a mere 3-days later.

19. The Defendant terminated **BIELAWSKI** as a result of pregnancy.

20. The Defendant's tangible, adverse employment actions were causally connected to **BIELAWSKI**'s pregnancy.

21. The Defendant intentionally and systematically discriminated against **BIELAWSKI** by using her pregnancy as the substantial or motivating factor in the Defendant's decision not to continue **BIELAWSKI**'s employment and terminating her.

22. The Defendant's decision to terminate **BIELAWSKI**'s employment violated **BIELAWSKI**' rights under the PDA and FCRA.

**COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)**

23. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

24. At all material times, **BIELAWSKI** was an employee and the Defendant was her employer covered by and within the meaning of the PDA.

25. The Defendant intentionally discriminated against **BIELAWSKI** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

26. The Defendant's employment and disciplinary policies were applied differently to **BIELAWSKI** because of her pregnancy.

27. The Defendant intentionally discriminated against **BIELAWSKI** by discharging her because she became pregnant.

28. The Defendant acted with malice or reckless indifference to the civil rights of **BIELAWSKI**.

29. **BIELAWSKI** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages,

viii.    Punitive damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FCRA- PREGNANCY

30.    Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

31.    At all material times, **BIELAWSKI** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

32.    The Defendant intentionally discriminated against **BIELAWSKI** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

33.    The Defendant's employment and disciplinary policies were applied differently to **BIELAWSKI** because of her pregnancy.

34.    The Defendant intentionally discriminated against **BIELAWSKI** by discharging her because she became pregnant.

35.    The Defendant acted with malice or reckless indifference to the civil rights of **BIELAWSKI**.

36.    **BIELAWSKI** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages,

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JANINE BIELAWSKI**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: November 13, 2018    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

s/ Benjamin H. Yormak
Benjamin H. Yormak