UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANINE BIELAWSKI, an individual,

    Plaintiff,

v.                              Case No: 2:18-cv-758-FtM-29MRM

DAVIS ROBERTS BOELLER & RIFE, P.A., a Florida professional association,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on the defendant's Motion to Strike Declaration of Vanessa Sims and Request for Sanctions (Doc. #38) filed on April 29, 2020. Plaintiff filed a Response (Doc. #40) on May 8, 2020. For the reasons that follow, the motion is denied.

**I.**

In November 2018, Plaintiff Janine Bielawski filed a two-count Complaint against defendant Davis Roberts Boeller & Rife, P.A. (Doc. #1.) The Complaint alleges plaintiff's employment with defendant as a dental assistant was terminated as a result of her pregnancy, in violation of the Pregnancy Discrimination Act (Count I) and the Florida Civil Rights Act (Count II). (Id. pp. 2-5.) A Case Management and Scheduling Order set a deadline of

March 22, 2019 for initial disclosures under Federal Rule of Civil Procedure 26, and a discovery deadline of February 13, 2020. (Doc. #16.) Both parties served their initial disclosures in compliance with the March 22, 2019 deadline. (Doc. #17, pp. 1-5; Doc. #38, pp. 17-20.)

In April 2019, plaintiff served her responses to defendant's first set of interrogatories. (Doc. #38, p. 21.) Among the interrogatories, plaintiff was directed to

> [i]dentify every person who has knowledge of any facts concerning (i) the injuries or damages you contend you suffered as a result of the actions or omissions of [defendant], (ii) the alleged discrimination by [defendant] against you, (iii) the circumstances of your discharge from [defendant], or (iv) any of the other allegations in your Complaint; and separately for each such person, describe in as much detail as you can the facts possessed by the person and the circumstances under which the person acquired that knowledge.

(Id. p. 22.) After stating it was unknown to her "the exact factual knowledge each individual possesses," plaintiff identified twenty individuals. (Id. pp. 22-24.) The first individual on the list was Vanessa Sims, who plaintiff stated had "knowledge pertaining to [plaintiff's] pregnancy, performance and Defendant's office personnel and policy and procedures."[1] (Id. p. 22.)

---

[1] A separate interrogatory directed plaintiff to identify all facts to support her Complaint's allegation that she was intentionally discriminated against because she was pregnant, "whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all." (Doc. #38, p. 26.) Plaintiff

Discovery proceeded in the case, with plaintiff's deposition taking place in May 2019. (Doc. #30-1. p. 15.) During the deposition, plaintiff was specifically asked if Sims had any information about plaintiff's termination, and plaintiff answered negatively. (Doc. #38, pp. 36-37.) However, on February 13, 2020, the discovery deadline, plaintiff filed amended initial disclosures and identified Sims (1) as an individual "likely to have discoverable information that Plaintiff may use to support Plaintiff's claims or defenses," and (2) as an employee or former employee of defendant who had "knowledge of Plaintiff's employment and separation." (Doc. #40-2, p. 25.)

On March 11, 2020, defendant moved for summary judgment, arguing plaintiff had not asserted any direct evidence of defendant's discriminatory intent, and defendant had legitimate, non-discriminatory reasons for plaintiff's termination. (Doc. #30, pp. 9, 12.) Specifically, defendant asserts plaintiff was terminated (1) "because of her inefficiencies and insufficiencies as a dental assistant," and (2) because the dentist she primarily worked for, Dr. Deanne Rife, "wanted an assistant she had previously worked efficiently with and with whom she was comfortable." (Id. p. 13.) In support of this, defendant has

---

again identified Sims, stating she "was given time off to visit her daughter at college." (Id.)

3

provided, *inter alia*, portions of Dr. Rife's deposition testimony and the affidavit of Tammy Clemens, defendant's practice administrator. (Doc. #30-1, pp. 53-71, 72-74.)

Plaintiff has filed a Response (Doc. #36) opposing defendant's motion, which contains a declaration of Sims dated March 31, 2020. (Doc. #36-2, pp. 24-25.) In the declaration, Sims states she worked for defendant from May 2013 until November 2016, during which time she worked with plaintiff and never heard any complaints regarding plaintiff's work performance. (Id. p. 24.) Sims also makes the following statements in the declaration:

> 3. In November 2016, I decided to resign my employment with Davis Roberts Boeller & Rife, P.A. I am friends with Dr. Rife, who told me after Ms. Bielawski was terminated that she did not make the decision to terminate Ms. Bielawski and that she did not even know Ms. Bielawski was being terminated at all. Dr. Rife told me that it was Mrs. Clemens' decision to terminate Ms. Bielawski and it was because Ms. Bielawski was pregnant. Dr. Rife told me that Ms. Clemens required her to go along with a story that Dr. Rife did not like Ms. Bielawski and that she was not a "good fit," to which Dr. Rife told me she disagreed with.
>
> 4. I heard a great deal of discussion about needing to "get rid of Janine" specifically due to her pregnancy. The practice's management said, "it doesn't matter that she's pregnant. You don't have to have a reason to fire someone in Florida." Additionally, management said "Good luck [to Janine] finding another job when she's pregnant. What's she gonna do, go on welfare?"

(Id. pp. 24-25.) Plaintiff relies on Sims' declaration to argue that contrary to defendant's assertion, there is direct evidence

4

in this case that defendant discriminated against plaintiff because of her pregnancy. (Doc. #36, p. 8.)

Defendant now seeks to have the Court strike Sims' declaration, asserting plaintiff "has engaged in bad faith in this litigation by failing to supplement her discovery responses and by failing to comply with [Federal Rule of Civil Procedure] 26 by failing to identify the subject of information to be provided by her witnesses." (Doc. #38, p. 12.) As a sanction for plaintiff's alleged failure to comply with Rule 26, defendant requests the Court (1) eliminate any consideration of Sims' declaration as part of the motion for summary judgment, (2) preclude Sims from testifying at trial, (3) preclude plaintiff from presenting the testimony of any witnesses listed in her initial and amended disclosures, and (4) preclude plaintiff from presenting any direct evidence of alleged discriminatory conduct towards her by defendant. (Id. pp. 12-13.) Alternatively, defendant requests the Court reopen discovery to allow it the opportunity to take a new deposition of plaintiff and a deposition of Sims. (Id. p. 13.)

**II.**

**A. Legal Principles**

In seeking the imposition of sanctions, including the striking of Sims' declaration, defendant relies upon the Federal Rule of Civil Procedure and this Court's inherent authority. (Id.

5

p. 9.)  Rule 26 of the Federal Rules of Civil Procedure provides the general provisions governing discovery.  Rule 26(a) requires each party to provide an initial disclosure containing "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(e) imposes a duty on a party to supplement its prior disclosures, requiring the following:

> (e) Supplementing Disclosures and Responses.
>
> > (1) *In General*. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> >
> > > (A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> > >
> > > (B)  as ordered by the court.

Fed. R. Civ. P. 26(e).

Rule 37 of the Federal Rules of Civil procedure governs the failure to make discovery disclosures and potential sanctions. Specifically, Rule 37(c) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or

(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

A district court has broad discretion in determining whether a party's failure to disclose discovery materials is either substantially justified or harmless under Rule 37(c)(1). Engle v. Taco Bell of Am., Inc., 2011 WL 883639, *1 (M.D. Fla. Mar. 14, 2011). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell v. Ford Motor Co., 318 Fed. App'x 821, 824 (11th Cir. 2009) (citation omitted). When determining whether a failure was substantially justified or harmless, reviewing courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." Lips v. City of Hollywood, 350 Fed. App'x 328, 340 (11th Cir. 2009) (citation omitted). "A harmless failure to disclose exists when there is no prejudice to the party entitled to receive the disclosure." Baldeo v. Dolgencorp, LLC, 2014 WL 4749049, *3 (M.D. Fla. Sept. 23, 2014) (marks and citation omitted).

**B. Analysis**

Defendant argues sanctions are appropriate in this matter because plaintiff violated Rule 26(e) by never supplementing her

7

interrogatory answers or deposition testimony, and by never providing the information Sims' might possess. (Doc. #38, pp. 8-9.) Plaintiff responds that because she identified Sims within the discovery period in both her interrogatories and her amended initial disclosures, there was no failure under Rule 26. (Doc. #40, pp. 4-5.) Plaintiff also argues defendant is now seeking "to shift the blame for its own lack of diligence in pursuing discovery by not investigating Ms. Sims in the nearly 10-months it had to do so." (Id. p. 5.) Having reviewed the arguments of the parties and the evidence in the record, the Court finds there was no Rule 26(e) violation.

From the outset, the Court finds there is no evidence to suggest plaintiff intentionally omitted to disclose Sims' information in her interrogatory responses or in her deposition testimony. Plaintiff has provided a declaration stating that when she gave her interrogatory answers in April 2019, she "did not know the full scope of Ms. Sims' knowledge" but included her "out of an abundance of caution because [plaintiff] knew [Sims] had at least some knowledge relevant to the claims and defenses in this case." (Doc. #40-3, p. 29.) Similarly, plaintiff states she neither knew nor suspected Sims had knowledge about plaintiff's termination at the time plaintiff was deposed. (Id. p. 30.) Instead, it was not until around the second week of February 2020 that plaintiff learned Sims had allegedly spoken with Dr. Rife and

8

may possess knowledge regarding plaintiff's termination. (Id.) Furthermore, it was not until Sims provided her declaration on March 31, 2020 that plaintiff learned the "complete information" Sims possessed. (Id.) As there is nothing in the record to contradict these assertions, the Court will accept plaintiff's explanation.

Turning to defendant's argument regarding Rule 26(e), the Court finds Graley v. TZ Insurance Solutions, LLC, 2016 WL 4595066 (M.D. Fla. Sept. 2, 2016) instructive. In that case, the plaintiff filed a response to a motion for summary judgment that included declarations from two of the defendant's former employees. Id. at *1. The defendant moved to strike the declarations, arguing the plaintiff had failed to include the former employees on her initial Rule 26 disclosures and failed to supplement her disclosures. Id. The defendant also argued that although the former employees were identified in the plaintiff's responses to interrogatories as individuals with knowledge, the plaintiff failed to disclose the full extent of their knowledge. Id. at *2. After considering the arguments and relevant case law, the court found the plaintiff's failure to initially disclose was harmless because the former employees were introduced in the course of discovery and were readily available for investigation by the defendant. Id. The court also rejected the defendant's argument that the plaintiff failed to disclose the exact extent of the former employees'

9

knowledge. Id. at *4. The Court noted that the defendant had not provided any case law to suggest to what extent a plaintiff must investigate individuals prior to disclosing the subject of their information in full and complete details, and stated the relevant case law suggested "that once a witness is disclosed through discovery or otherwise, it is the duty of the party prosecuting or defending the case to investigate the case in due diligence." Id. Accordingly, the court denied the defendant's request to strike the declarations. Id. at *5.

The Court finds Graley analogous to the case here. Not only did plaintiff identify Sims in her interrogatories, but she also filed amended initial disclosures listing Sims as (1) an individual "likely to have discoverable information" to support plaintiff's claims or defenses, and (2) an employee or former employee of defendant with "knowledge of Plaintiff's employment and separation."[2] (Doc. #40-2, p. 25.) By filing the amended initial

---

[2] As plaintiff had previously testified at her deposition that Sims did not have knowledge of her termination, the amended initial disclosures listing Sims as someone with knowledge of plaintiff's "employment and separation" should have alerted defendant of a potential issue needing to be investigated. See Swofford v. Eslinger, 2009 WL 1025223, *2 (M.D. Fla. Apr. 14, 2009) ("To the extent this discovery was belated, even if the late disclosure was due to inexcusable neglect, the fact remains that the Plaintiffs received the discovery before the deadline, and failed to make a timely motion to either extend the discovery deadline or otherwise remedy any claimed prejudice resulting from the belated production." (footnotes omitted)).

disclosures, the Court finds plaintiff met the requirements of Rule 26(e) to supplement. To the extent defendant argues plaintiff failed to comply with the rule by not supplementing her interrogatory responses or deposition testimony, the Court is not convinced. The evidence before the Court indicates plaintiff did not know the extent of Sims' knowledge regarding the termination until Sims' declaration, which was created after the motion for summary judgment was filed. See Graley, 2016 WL 4595066, *4 (rejecting argument that plaintiff did not disclose the exact extent of declarants' knowledge because "[t]he exact extent of the declarants' knowledge was not known to Plaintiff until after [the declarants] signed their declarations, which was after the motion for summary judgment was filed"). Furthermore, while plaintiff's amended initial disclosures were not filed until the final day of discovery, this Court has previously found such a fact insufficient to warrant sanctions. See, e.g., Demeter v. Little Gasparilla Island Fire & Rescue, Inc., 2017 WL 8314650 (M.D. Fla. Dec. 1, 2017) (finding disclosure of eighteen witnesses on final evening of discovery harmless); Rodriguez v. Estero Fire Rescue, 2014 WL 3908165 (M.D. Fla. Aug. 11, 2014) (finding disclosure of five witness declarations on final day of discovery harmless). Accordingly, the Court finds plaintiff met her obligations under Rule 26(e), and therefore sanctions, including the striking of the

11

declaration, are inappropriate under Rule 37(c) and this Court's inherent authority.[3]

As an alternative to sanctions, defendant requests discovery "be reopened to allow it an opportunity to take a new deposition of the Plaintiff with regard to her new theory and when she learned of the alleged evidence as set forth by Vanessa Sims, and further to allow it take the deposition of Vanessa Sims." (Doc. #38, p. 13.) "The Eleventh Circuit has determined that a court does not abuse its discretion by denying a motion for extension of the discovery period where the parties had ample time and opportunity to conduct discovery, yet failed to diligently do so." Graley, 2016 WL 4595066, *5 (citing Barfield v. Barton, 883 F.2d 923, 932 (11th Cir. 1989)). In Graley, the Court denied the defendant's request to extend the discovery deadline to enable it to depose the two former employees, finding the defendant "failed to diligently pursue discovery, particularly when the identities of

---

[3] As the Court has determined there was no discovery violation, it is unnecessary to address whether such a violation was harmless or substantially justified. However, the Court notes that defendant's suggestion that plaintiff changed her theory of liability after the close of discovery (Doc. #38, pp. 11, 13) is inaccurate. While the type of evidence (direct or circumstantial) used to support the case may have changed by Sims' declaration, plaintiff's theory of liability remains the same, i.e., she was discriminated against because of her pregnancy. Accordingly, the Court finds the cases relied upon by defendant in which Rule 37(c) sanctions were imposed on a party for setting forth a new theory of liability after the close of discovery (id. pp. 9-11) are inapposite.

the witnesses whose declarations are now at issue were known to [the defendant] well in advance of the discovery deadline." Id. The Court finds such a conclusion is applicable to this case as well and, therefore, will deny defendant's request to reopen discovery.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Strike Declaration of Vanessa Sims and Request for Sanctions (Doc. #38) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of May, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

13