UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANINE BIELAWSKI, an individual,

    Plaintiff,

v.   Case No: 2:18-cv-758-FtM-29MRM

DAVIS ROBERTS BOELLER & RIFE, P.A., a Florida professional association,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #30) filed on March 11, 2020. Plaintiff filed a Response (Doc. #36) on April 17, 2020. After being directed to do so by the Court, defendant filed a Reply (Doc. #39) on May 5, 2020. For the reasons that follow, the motion is denied.

**I.**

**A. Factual Background[1]**

Defendant Davis Roberts Boeller & Rife, P.A. is a dental practice located in Charlotte County, Florida. (Doc. #1, ¶ 3;

---

[1] The background facts are either undisputed or read in the light most favorable to plaintiff as the nonmoving party. However, these facts, accepted at the summary judgment stage of the proceedings, may not be the "actual" facts of the case. See Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 925 n.3 (11th Cir. 2000).

Doc. #36, p. 3.) Plaintiff Janine Bielawski is a certified dental assistant who began working for defendant in October 2014. (Doc. #36, p. 3.) Defendant's practice consists of four physicians, each of whom employs two dental assistants. (Id.) Plaintiff was hired to work specifically for Dr. James Forester. (Id.)

In early 2016, plaintiff learned that Dr. Forester would be retiring in the latter part of the year. (Id.) In January or February 2016, Dr. Deanne Rife entered into negotiations with Dr. Forester to purchase his practice. (Id.) Dr. Rife subsequently purchased the practice and began working for defendant in October 2016. (Id.) Plaintiff believed she was being "sold" as part of the practice to Dr. Rife. (Id.) Beginning in October 2016, Dr. Rife became plaintiff's supervisor. (Doc. #36-1, p. 22.)

Plaintiff learned she was pregnant in the summer of 2016 and informed Tammy Clemens, defendant's practice administrator, in September 2016.[2] (Doc. #36, p. 3; Doc. #36-1, p. 22.) Plaintiff also told another employee, Lori Mayes, as well as Dr. Forester. (Doc. #36, p. 4; Doc. #30-1, p. 30.) Plaintiff does not know if Dr. Rife was aware of her pregnancy when Dr. Rife began working

---

[2] While plaintiff testified that she notified Clemens via a letter "around August or September," she also stated it was "[r]ight after" her six-week doctor's appointment. (Doc. #30-1, p. 30.) The notification letter, which is undated, states that plaintiff had gone to a doctor's appointment on September 9, 2016. (Id. p. 52.) Accordingly, the letter could not have been sent in August.

2

for defendant, but believes she informed Dr. Rife about the pregnancy. (Doc. #36, p. 3.) Because plaintiff wore scrubs while working, her pregnancy was never obvious. (Id.)

In December 2016, defendant hired a dental assistant named Jessica Lee Eberly to work with Dr. Rife. (Id. p. 7.) The two had previously worked together at Dr. Rife's prior dental practice. (Id. p. 6.) On January 6, 2017, when she was nearly seven months pregnant, plaintiff called off from work. (Id. p. 7; Doc. #36-1, p. 23.) Later that day, Clemens called plaintiff to advise her that Dr. Rife had made the decision to terminate her because Dr. Rife "wanted a change." (Doc. #36, p. 5.) During the conversation, and all subsequent conversations between plaintiff and defendant's employees, plaintiff's pregnancy was never discussed except in reference to health insurance. (Id.)

**B. Procedural Background**

Following her termination, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging she was terminated because of her pregnancy. (Doc. #1, p. 2; Doc. #36-6. p. 95.) On September 24, 2018, plaintiff received a notice from the EEOC informing her of her right to sue. (Doc. #1, p. 2; Doc. #1-1, p. 8.)

On November 13, 2018, plaintiff filed her Complaint and Demand for Jury Trial (Doc. #1), asserting the following two claims: (1) pregnancy discrimination in violation of the Pregnancy

Discrimination Act ("PDA"), and (2) pregnancy discrimination in violation of the Florida Civil Rights Act ("FCRA"). (Id. ¶ 1.) Defendant filed its Answer (Doc. #10) on December 21, 2018, generally denying plaintiff's allegations and asserting seven affirmative defenses. (Id. pp. 1-4.)

On March 11, 2020, defendant filed its Motion for Summary Judgment, arguing that based on the uncontroverted facts, it was entitled to judgment as a matter of law. (Doc. #30, p. 1.) Plaintiff filed her Response (Doc. #36) on April 17, 2020, raising several arguments as to why summary judgment was inappropriate. After being directed to do so, defendant filed a Reply (Doc. #39) on May 5, 2020. The motion is now ripe for review.

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law.'" Hickson, 357 F.3d at 1260 (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the nonmoving party. Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1315 (11th Cir. 2007).

**III.**

**A. Legal Standards**

Plaintiff alleges defendant intentionally discriminated against her by discharging her because she became pregnant, in violation of the PDA and FCRA. (Doc. #1, ¶¶ 23-29, 30-36.) "The PDA provides that the prohibition against sex-based employment discrimination in § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), applies with equal force to discrimination on the basis of

'pregnancy, childbirth, or related medical conditions.'" Armindo v. Padlocker, Inc., 209 F.3d 1319, 1320 (11th Cir. 2000) (quoting 42 U.S.C. § 2000e(k)). The PDA also provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." Id. (quoting 42 U.S.C. § 2000e(k)). "The analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits." Id. (citing Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1312-13 (11th Cir. 1994)). Additionally, because the FCRA is modeled after Title VII, plaintiff's claim under that statute is analyzed under the same framework and does not require separate discussion. Mohammed v. Jacksonville Hospitalists, P.A., 712 Fed. App'x 872, 877 n.4 (11th Cir. 2017); see also Delva v. Cont'l Grp., Inc., 137 So. 3d 371, 375-76 (Fla. 2014) (holding that the FCRA prohibits pregnancy discrimination).

"Under Title VII, a plaintiff may prevail on a claim by showing that her pregnancy 'was a motivating factor' for an employment decision." Holland v. Gee, 677 F.3d 1047, 1055 (11th Cir. 2012) (citing 42 U.S.C. § 2000e-2(m)). To prove this, a plaintiff may offer either direct evidence or circumstantial evidence. Id. (citation omitted). "Direct evidence is evidence

that, if believed, proves the existence of a fact without inference or presumption." Id. (marks and citation omitted).

In cases involving circumstantial evidence, the Court applies the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Holland, 677 F.3d at 1055. Under McDonnell Douglas, the plaintiff must initially establish a prima facie case, which generally consists of the following: (1) the plaintiff was a member of a protected class, (2) she was qualified to do the job, (3) she was subjected to an adverse employment action, and (4) similarly situated employees outside of the protected class were treated differently. Id. (citation omitted). Once the plaintiff establishes a prima facie case of discrimination,

> the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the employment action it took. The burden then shifts back to the plaintiff to demonstrate that the proffered reason was pretextual. The plaintiff can establish pretext by showing that the employer's non-discriminatory reason should not be believed, or, when considering all the evidence, that it is more likely that the discriminatory reasons motivated the decision than the employer's proffered reasons.

Lawver v. Hillcrest Hospice, Inc., 300 Fed. App'x 768, 772 (11th Cir. 2008) (citations omitted).

In moving for summary judgment, defendant argues plaintiff has not asserted any direct evidence of discriminatory intent and, therefore, she must rely on circumstantial evidence to prove her case. (Doc. #30, p. 9.) Defendant concedes plaintiff can establish a prima facie case under McDonnell Douglas, but argues

it had legitimate, non-discriminatory reasons for terminating plaintiff's employment. (Id. pp. 12-13.) Specifically, defendant asserts that plaintiff was terminated "not because of her pregnancy, but because of her inefficiencies and insufficiencies as a dental assistant and because [Dr. Rife] wanted an assistant she had previously worked efficiently with and with whom she was comfortable." (Id. p. 13.) In support of this, defendant has submitted deposition testimony from Dr. Rife, as well as affidavits from Clemens and two of defendant's dentists. (Doc. #30-1, pp. 53-71, 72-74, 76-77, 78-79.)

In response, plaintiff argues (1) she has presented direct evidence of discrimination, and therefore the McDonnell Douglas test is inapplicable, and (2) even if it did apply, there is sufficient evidence that defendant's reasons are pretextual to preclude summary judgment. (Doc. #36, p. 9-20.) In support of both arguments, plaintiff has submitted the declaration of Vanessa Sims, a dental assistant who worked for defendant from May 2013 to November 2016. (Doc. #36-2, p. 24.) In the declaration, Sims states the following:

> 3. In November 2016, I decided to resign my employment with Davis Roberts Boeller & Rife, P.A. I am friends with Dr. Rife, who told me after Ms. Bielawski was terminated that she did not make the decision to terminate Ms. Bielawski and that she did not even know Ms. Bielawski was being terminated at all. Dr. Rife told me that it was Mrs. Clemens' decision to terminate Ms. Bielawski and it was because Ms. Bielawski was pregnant. Dr. Rife told me that Ms. Clemens required her to go

8

> along with a story that Dr. Rife did not like Ms. Bielawski and that she was not a "good fit," to which Dr. Rife told me she disagreed with.
>
> 4. I heard a great deal of discussion about needing to "get rid of Janine" specifically due to her pregnancy. The practice's management said, "it doesn't matter that she's pregnant. You don't have to have a reason to fire someone in Florida." Additionally, management said "Good luck [to Janine] finding another job when she's pregnant. What's she gonna do, go on welfare?"

(Id. pp. 24-25.)

### B. Analysis

Defendant's motion is premised upon its assertion that because there is no direct evidence of discrimination, plaintiff must rely upon circumstantial evidence and therefore the McDonnell Douglas burden shifting framework applies. Plaintiff in turn argues that Sims' declaration constitutes direct evidence of discrimination, and therefore the McDonnel Douglas test is inapplicable. As application of the test is inappropriate when a plaintiff offers direct evidence of discrimination, E.E.O.C. v. Alton Packaging Corp., 901 F.2d 920, 923 (11th Cir. 1990), the Court first must determine whether Sims' declaration constitutes direct evidence of discrimination.

"Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." Sipral v. Univ. of Miami, 509 Fed. App'x 924, 926 (11th Cir. 2013) (citation omitted). Such evidence "relates to actions or statements of an employer reflecting a

9

discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998) (citation omitted). "[O]nly the most blatant remarks whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." Holland, 677 F.3d at 1055 (citation omitted). "[R]emarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination," Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (citation omitted), and neither are "statements that are open to more than one interpretation," Carter, 132 F.3d at 642 (citations omitted).

Defendant argues Sims' declaration does not constitute direct evidence because it does not attribute any of the alleged discrimination to any of the decision makers of defendant's practice. (Doc. #39, p. 3.) The Court disagrees. Sims states she heard discussion of terminating plaintiff's employment because of her pregnancy, and then gives examples of statements made by the practice's management that are derogatory of plaintiff and her pregnancy. Drawing the inferences in favor of plaintiff, Sims' declaration constitutes discriminatory statements made by the decision makers of defendant's practice. See Dixon v. The Hallmark Companies, Inc., 627 F.3d 849, 855 (11th Cir. 2010) ("Drawing

10

inferences in favor of the Dixons, as is required at this stage, a reasonable jury could find that Saunders's alleged comment constitutes direct evidence of . . . discrimination.").

In arguing Sims' declaration should be disregarded by the Court[3], defendant also characterizes it as "suspect" because (1) she does not identify who made the allegedly discriminatory statements and (2) she left employment with defendant prior to the time a decision had been made to terminate plaintiff. (Doc. #39, p. 4.) While Sims does not specifically identify who made the remarks, she does state they were made by defendant's "management." Furthermore, although defendant suggests Sims left defendant's employment prior to the decision to terminate plaintiff, it is undisputed that Sims was working for defendant when defendant became aware of plaintiff's pregnancy. Sims worked for defendant until November 2016 and plaintiff informed defendant of the pregnancy in September 2016. Having reviewed the statements in the declaration as well as the other evidence provided, the Court finds Sims' declaration sufficiently credible to be believed by a jury. See Haynes v. W.C. Caye & Co., Inc., 52 F.3d 928, 931 (11th Cir. 1995) ("In a discrimination case in which a plaintiff adduces direct evidence of discrimination, the trial judge must initially

---

[3] The Court previously denied defendant's motion to strike Sims' declaration as a discovery sanction. (Doc. #41.)

11

make a credibility finding as to whether or not plaintiff's proffered direct evidence of discrimination is to be believed.").

The Court finds Sims' declaration, and specifically her statements that she "heard a great deal of discussion about needing to 'get rid of Janine' specifically due to her pregnancy," and that "the practice's management" made derogatory remarks regarding plaintiff's pregnancy and employment, constitutes direct evidence of discrimination. See Horne v. Turner Const. Co., 136 Fed. App'x 289, 292 (11th Cir. 2005) (testimony that employee of defendant heard supervisor say he disliked women on the job site and that supervisor would fire plaintiff because she was a woman was sufficient to establish direct evidence of discrimination and therefore to withstand a motion for summary judgment); Freeman v. Wal-Mart Stores East, L.P., 2009 WL 10688320, *5 (N.D. Ala. Dec. 18, 2009) (manager's alleged statement that employee was not being considered for a position because she was pregnant "constitutes direct evidence of a PDA violation"). As plaintiff has adduced direct evidence that her pregnancy "was a motivating factor" in her termination, 42 U.S.C. § 2000e-2(m), the Court finds summary judgment is inappropriate for both the PDA and FCRA claims. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) ("Where the non-movant present direct evidence that, if believed by the jury, would be sufficient to win a trial, summary judgment is not appropriate even where the movant presents

conflicting evidence."); McCabe v. Excel Hosp., Inc., 294 F. Supp. 2d 1311, 1313 (M.D. Fla. 2003) ("Summary judgment is inappropriate on Plaintiff's Title VII and FCRA claims because Plaintiff produced direct evidence of discrimination.").[4]

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #30) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   1st   day of June, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Court's conclusion that Sims' declaration constitutes direct evidence of discrimination renders moot defendant's summary judgment argument that it had legitimate, non-discriminatory reasons for terminating plaintiff's employment. See U.S. E.E.O.C. v. Mallinckrodt, Inc., 590 F. Supp. 2d 1371, 1376-77 (M.D. Fla. 2008) (finding defendant's argument that E.E.O.C. could not prove proffered reasons were pretextual was rendered moot by court's conclusion there was direct evidence of discrimination). However, even if the Court considered the declaration circumstantial evidence, Sims's statement that Dr. Rife told her plaintiff was terminated because of the pregnancy would sufficiently rebut defendant's proffered reasons so as to create a jury issue. See Lawver, 300 Fed. App'x at 772 (stating a plaintiff can establish pretext by showing the proffered reason (1) should not be believed, or (2) when considering all the evidence, that it is more likely that the discriminatory reasons motivated the decision than the employer's proffered reasons); Durley v. APAC, Inc., 236 F.3d 651, 657 (11th Cir. 2000) (reversing grant of summary judgment on Title VII claim because plaintiff presented sufficient evidence to raise a question of fact as to whether proffered reason for employment action was pretextual). Accordingly, summary judgment would be inappropriate regardless.

Copies: Counsel of record