```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JANINE BIELAWSKI, an individual,

    Plaintiff,

v.                          Case No: 2:18-cv-758-FtM-29MRM

DAVIS ROBERTS BOELLER & RIFE, P.A., a Florida professional association,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion in Limine to Preclude Testimony of Vanessa Sims (Doc. #50) filed on November 30, 2020. Plaintiff filed a Response (Doc. #52) on December 14, 2020. For the reasons set forth below, the motion is denied.

**I.**

The Court previously described the relevant procedural history of this case in a prior Opinion and Order:

> In November 2018, Plaintiff Janine Bielawski filed a two-count Complaint against defendant Davis Roberts Boeller & Rife, P.A. (Doc. #1.) The Complaint alleges plaintiff's employment with defendant as a dental assistant was terminated as a result of her pregnancy, in violation of the Pregnancy Discrimination Act (Count I) and the Florida Civil Rights Act (Count II). (Id. pp. 2-5.) A Case Management and Scheduling Order set a deadline of March 22, 2019 for initial disclosures under Federal Rule of Civil Procedure 26, and a discovery deadline of February 13, 2020. (Doc. #16.) Both parties

served their initial disclosures in compliance with the March 22, 2019 deadline. (Doc. #17, pp. 1-5; Doc. #38, pp. 17-20.)

In April 2019, plaintiff served her responses to defendant's first set of interrogatories. (Doc. #38, p. 21.) Among the interrogatories, plaintiff was directed to

> [i]dentify every person who has knowledge of any facts concerning (i) the injuries or damages you contend you suffered as a result of the actions or omissions of [defendant], (ii) the alleged discrimination by [defendant] against you, (iii) the circumstances of your discharge from [defendant], or (iv) any of the other allegations in your Complaint; and separately for each such person, describe in as much detail as you can the facts possessed by the person and the circumstances under which the person acquired that knowledge.

(Id. p. 22.) After stating it was unknown to her "the exact factual knowledge each individual possesses," plaintiff identified twenty individuals. Id. pp. 22-24.) The first individual on the list was Vanessa Sims, who plaintiff stated had "knowledge pertaining to [plaintiff's] pregnancy, performance and Defendant's office personnel and policy and procedures." (Id. p. 22.)

Discovery proceeded in the case, with plaintiff's deposition taking place in May 2019. (Doc. #30-1. p. 15.) During the deposition, plaintiff was specifically asked if Sims had any information about plaintiff's termination, and plaintiff answered negatively. Doc. #38, pp. 36-37.) However, on February 13, 2020, the discovery deadline, plaintiff filed amended initial disclosures and identified Sims (1) as an individual "likely to have discoverable information that Plaintiff may use to support Plaintiff's claims or defenses," and (2) as an employee or former employee of defendant who had "knowledge of Plaintiff's employment and separation." (Doc. #40-2, p. 25.)

On March 11, 2020, defendant moved for summary judgment, arguing plaintiff had not asserted any direct evidence of defendant's discriminatory intent, and

defendant had legitimate, non-discriminatory reasons for plaintiff's termination. (Doc. #30, pp. 9, 12.) Specifically, defendant asserts plaintiff was terminated (1) "because of her inefficiencies and insufficiencies as a dental assistant," and (2) because the dentist she primarily worked for, Dr. Deanne Rife, "wanted an assistant she had previously worked efficiently with and with whom she was comfortable." (Id. p. 13.) In support of this, defendant has provided, *inter alia*, portions of Dr. Rife's deposition testimony and the affidavit of Tammy Clemens, defendant's practice administrator. (Doc. #30-1, pp. 53-71, 72-74.)

Plaintiff has filed a Response (Doc. #36) opposing defendant's motion, which contains a declaration of Sims dated March 31, 2020. (Doc. #36-2, pp. 24-25.) In the declaration, Sims states she worked for defendant from May 2013 until November 2016, during which time she worked with plaintiff and never heard any complaints regarding plaintiff's work performance. (Id. p. 24.) Sims also makes the following statements in the declaration:

> 3. In November 2016, I decided to resign my employment with Davis Roberts Boeller & Rife, P.A. I am friends with Dr. Rife, who told me after Ms. Bielawski was terminated that she did not make the decision to terminate Ms. Bielawski and that she did not even know Ms. Bielawski was being terminated at all. Dr. Rife told me that it was Mrs. Clemens' decision to terminate Ms. Bielawski and it was because Ms. Bielawski was pregnant. Dr. Rife told me that Ms. Clemens required her to go along with a story that Dr. Rife did not like Ms. Bielawski and that she was not a "good fit," to which Dr. Rife told me she disagreed with.
>
> 4. I heard a great deal of discussion about needing to "get rid of Janine" specifically due to her pregnancy. The practice's management said, "it doesn't matter that she's pregnant. You don't have to have a reason to fire someone in Florida." Additionally, management said "Good luck [to Janine] finding

- 3 -

> another job when she's pregnant. What's she gonna do, go on welfare?"
>
> (Id. pp. 24-25.) Plaintiff relies on Sims' declaration to argue that contrary to defendant's assertion, there is direct evidence in this case that defendant discriminated against plaintiff because of her pregnancy. (Doc. #36, p. 8.)

(Doc. #41, pp. 1-5 (footnote omitted)).

In April 2020, defendant filed a motion to strike Sims' declaration. (Doc. #38.) The motion alleged plaintiff had "engaged in bad faith in this litigation by failing to supplement her discovery responses and by failing to comply with [Federal Rule of Civil Procedure] 26 by failing to identify the subject of information to be provided by her witnesses." (Id. p. 12.) As a sanction, defendant requested the Court (1) eliminate any consideration of Sims' declaration as part of the motion for summary judgment, (2) preclude Sims from testifying at trial, (3) preclude plaintiff from presenting the testimony of any witnesses listed in her initial and amended disclosures, and (4) preclude plaintiff from presenting any direct evidence of alleged discriminatory conduct towards her by defendant. (Id. pp. 12-13.) Alternatively, defendant requested the Court reopen discovery to allow it the opportunity to take a new deposition of plaintiff and a deposition of Sims. (Id. p. 13.)

In May 2020, the Court denied defendants' motion in its entirety. (Doc. #41.) The Court found there was no evidence that

plaintiff intentionally omitted to disclose Sims' information in her interrogatory responses or in her deposition testimony,[1] and that plaintiff met the requirements of Rule 26(e) by filing her amended initial disclosures within the discovery period.  (Id. pp. 8-12.)  As there was no violation of Rule 26, the Court determined sanctions were inappropriate.  (Id. pp. 11-12.)  Furthermore, because plaintiff provided Sims' identity during the discovery period, the Court denied defendant's alternative request to reopen discovery.[2]  (Id. pp. 12-13.)

In July 2020, defendant filed a separate motion to reopen discovery for the limited purpose of deposing Sims.  (Doc. #46.)  The motion argued, *inter alia*, (1) that plaintiff violated Rule 26, and (2) that defendant did not previously depose Sims or other witnesses because "the only information that they had, according

---

[1] Plaintiff provided a declaration stating that when she gave her interrogatory answers in April 2019, she "did not know the full scope of Ms. Sims' knowledge" but included her "out of an abundance of caution because [plaintiff] knew [Sims] had at least some knowledge relevant to the claims and defenses in this case." (Doc. #40-3, p. 29.)  Similarly, plaintiff stated she neither knew nor suspected Sims had knowledge about the termination at the time plaintiff was deposed.  (Id. p. 30.)  Instead, it was not until around the second week of February 2020 that plaintiff learned Sims had allegedly spoken with Dr. Rife and may possess knowledge regarding plaintiff's termination.  (Id.)  Furthermore, it was not until Sims provided her declaration on March 31, 2020 that plaintiff learned the "complete information" Sims possessed. (Id.)

[2] The Court subsequently denied defendant's motion for summary judgment, relying in part on Sims' declaration as evidence of direct discrimination.  (Doc. #45, pp. 9-13.)

to [plaintiff], was with regard to matters not at issue in the case." (Id. pp. 10-11.) As the Court had previously denied defendant's request to reopen discovery to depose Sims, the Court construed this latter motion as a motion to reconsider the Court's prior ruling. (Doc. #47.) The Court determined defendant had not established sufficient grounds for reconsideration and the motion was denied. (Id.)

**II.**

The matter is now set for trial in February 2021 and the parties have filed pretrial motions, including the instant motion in limine. (Doc. #50.) In it, defendant requests the Court to preclude the testimony of Sims for a variety of reasons. The Court will address each of these, albeit out of turn.

Several of the motions' arguments can be addressed briefly. For example, defendant asserts "[i]t is clear that the Plaintiff has violated F.R.C.P. 26(e)." (Doc. #50, p. 15.) Clearly the Court disagrees, as it has determined there was no violation both explicitly in denying the motion to strike, and implicitly in denying the motion to reopen discovery.

Defendant also suggests the Court's reliance on a prior opinion to support is decision to deny the motion to strike was mistaken because the instant matter is "factually distinct." (Doc. #50, p. 15); see Graley v. TZ Ins. Sols., LLC, 2016 WL 4595066 (M.D. Fla. Sept. 2, 2016) (denying reconsideration of order

denying motion to strike summary judgment declarations based on alleged Rule 26 violations, and denying request to extend discovery deadline). The Court disagrees. To the extent the factual background in Graley differs slightly from that here, the Court finds it to be a distinction without a difference.

Defendant notes that the Federal Rules of Civil Procedure limit the number of depositions a party may take in a civil case to ten, and suggests Sims was not deposed because defendant would have exceeded that number if it deposed "each and every one of the potential witnesses listed by" plaintiff. (Doc. #50, p. 13.) The Court is unpersuaded by this argument. First, according to plaintiff, defendant only took one deposition in this case (Doc. #52, p. 3 n.4), and therefore was never in any danger of exceeding the deposition limit. Second, and more importantly, the deposition limit is not inflexible, see Fed. R. Civ. P. 26(b)(2)(A) (permitting a court to alter the limits on the number of depositions), and therefore defendant's argument is misplaced.

In addition to the above, the motion seeks to exclude testimony of Sims because "Plaintiff did know of the allegations raised by Vanessa Sims prior to the close of discovery." (Doc. #50, p. 14.) Plaintiff previously filed a declaration attesting that she was unaware of the extent of Sims' knowledge about the termination until Sims filed her declaration for summary judgment purposes. Defendant now asserts that an apparently off-record

statement made by plaintiff's counsel at a deposition indicates plaintiff knew the substance of Sims' testimony well before summary judgment proceedings. (Id.) Defendant has provided declarations from its attorney and practice administrator, who both state they heard the statement. (Doc. #50, pp. 49, 51.) The transcript of the deposition does not contain the alleged statement, and plaintiff's attorney unequivocally denies having made it. (Doc. #52, p. 4; Doc. #52-1, pp. 9-63.)

Even if the Court assumes this is accurate, which is far from clear, defendant fails to explain why it is only now raising this issue. The deposition occurred in January 2020, and Sims' declaration was filed in April 2020. Despite defendant's attorney's "vivid recollection" of the off-record statement (Doc. #50, p. 14), defendant failed to bring this matter to the Court's attention in either its motion to strike or its motion to reopen discovery filed in April and July 2020, respectively. The Court declines to reconsider its prior determination that plaintiff did not intentionally omit to disclose Sims' information based on a statement that allegedly occurred nearly a year ago. See OCR Sols., Inc. v. CharacTell, Inc., 2017 WL 6948587, *1 (M.D. Fla. Oct. 6, 2017) (noting that a request for reconsideration "does not provide parties the opportunity to present for the first time an argument that could have been raised when the matter was initially before the court").

Defendant's only evidentiary argument to limit Sims' testimony is that such testimony would be unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. (Doc. #50, pp. 16-17.) Defendant argues that because it is unable to determine who allegedly made the statements Sims attributes to the "practice's management," it is unable to defend or rebut the statements. (Id.) If the testimony is otherwise admissible, the Court finds that Rule 403 does not provide a basis to exclude it. See United States v. Norton, 867 F.2d 1354, 1361 (11th Cir. 1989) ("Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence. The balance under the Rule, therefore, should be struck in favor of admissibility." (marks and citations omitted)). However, as it is unclear if the testimony is otherwise admissible, the Court will require the testimony be presented by proffer outside the presence of the jury. Until the proffer is completed and the Court determines the testimony's admissibility, neither party shall refer to the statements at issue or elicit them from any witness before the jury.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion in Limine to Preclude Testimony of Vanessa Sims (Doc. #50) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of December, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record