```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

JANINE BIELAWSKI, an individual,

    Plaintiff,

v.                          Case No: 2:18-cv-758-FtM-29MRM

DAVIS ROBERTS BOELLER & RIFE, P.A., a Florida professional association,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion in Limine to Exclude Defendant's Purported "Comparator" Evidence and Incorporated Memorandum of Law (Doc. #49) filed on November 30, 2020. Defendant failed to file a response and the time to do so has passed. For the reasons set forth below, the motion is denied.

**I.**

In a prior Opinion and Order, the Court described the factual history of this case as follows:

> Defendant Davis Roberts Boeller & Rife, P.A. is a dental practice located in Charlotte County, Florida. (Doc. #1, ¶ 3; Doc. #36, p. 3.) Plaintiff Janine Bielawski is a certified dental assistant who began working for defendant in October 2014. (Doc. #36, p. 3.) Defendant's practice consists of four physicians, each of whom employs two dental assistants. (Id.) Plaintiff was hired to work specifically for Dr. James Forester. (Id.)

>      In early 2016, plaintiff learned that Dr. Forester would be retiring in the latter part of the year. (Id.) In January or February 2016, Dr. Deanne Rife entered into negotiations with Dr. Forester to purchase his practice. (Id.) Dr. Rife subsequently purchased the practice and began working for defendant in October 2016. (Id.) Plaintiff believed she was being "sold" as part of the practice to Dr. Rife. (Id.) Beginning in October 2016, Dr. Rife became plaintiff's supervisor. (Doc. #36-1, p. 22.)
>
>      Plaintiff learned she was pregnant in the summer of 2016 and informed Tammy Clemens, defendant's practice administrator, in September 2016. (Doc. #36, p. 3; Doc. #36-1, p. 22.) Plaintiff also told another employee, Lori Mayes, as well as Dr. Forester. (Doc. #36, p. 4; Doc. #30-1, p. 30.) Plaintiff does not know if Dr. Rife was aware of her pregnancy when Dr. Rife began working for defendant, but believes she informed Dr. Rife about the pregnancy. (Doc. #36, p. 3.) Because plaintiff wore scrubs while working, her pregnancy was never obvious. (Id.)
>
>      In December 2016, defendant hired a dental assistant named Jessica Lee Eberly to work with Dr. Rife. (Id. p. 7.) The two had previously worked together at Dr. Rife's prior dental practice. (Id. p. 6.) On January 6, 2017, when she was nearly seven months pregnant, plaintiff called off from work. (Id. p. 7; Doc. #36-1, p. 23.) Later that day, Clemens called plaintiff to advise her that Dr. Rife had made the decision to terminate her because Dr. Rife "wanted a change." (Doc. #36, p. 5.) During the conversation, and all subsequent conversations between plaintiff and defendant's employees, plaintiff's pregnancy was never discussed except in reference to health insurance. (Id.)

(Doc. #45, pp. 1-3) (footnote omitted).

In November 2018, plaintiff filed a Complaint and Demand for Jury Trial (Doc. #1), asserting the following two claims: (1) pregnancy discrimination in violation of the Pregnancy Discrimination Act ("PDA"), and (2) pregnancy discrimination in

- 2 -

violation of the Florida Civil Rights Act ("FCRA"). (Id. ¶ 1.) The matter is now set for trial in February 2021 and the parties have filed pretrial motions, including the instant motion in limine. (Doc. #49.) In it, plaintiff requests the Court exclude any evidence that defendant provided maternity leave to employees prior to Dr. Rife's arrival at the practice. (Id. p. 2.)

## II.

The Eleventh Circuit has permitted the admission of past evidence of discrimination by an employer to prove the intent of an employer to discriminate. Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1286 (11th Cir. 2008); see also Davis v. City of Lake City, 2013 WL 12091324, *19 (M.D. Fla. Mar. 15, 2013) ("[A] plaintiff may use 'me too' evidence under FRE 404(b) as evidence of intent in a discrimination or retaliation case."). "However, whether such evidence is relevant 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" Davis, 2013 WL 12091324, *19 (quoting Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008)).

According to plaintiff, defendant intends to introduce "reverse" "me too" evidence, i.e., evidence that it did not discriminate against other pregnant employees in the past.[1] (Doc.

---

[1] Defendant's proposed witness list indicates its physicians and female employees intend to testify about the practice's

#49, pp. 2-3.)  Plaintiff argues this evidence is irrelevant because (1) Dr. Rife made the decision to terminate plaintiff's employment, and (2) what defendant "may or may not have done in the years prior to Dr. Rife's arrival has no bearing on why [plaintiff] was terminated."  (Id. p. 4.)  The Court disagrees.

There is conflicting evidence in the record as to who made the decision to terminate plaintiff's employment.  Defendant has produced evidence indicating Dr. Rife made the determination, but nonetheless raised the issue with the other physicians prior to terminating plaintiff's employment.  (Doc. #30-1, pp. 61, 64-65, 73-74, 79.)  The same evidence indicates there was a consensus among the physicians that plaintiff's performance was unsatisfactory, and termination was therefore warranted.  (Id.)  This evidence suggests that even if Dr. Rife was the "decisionmaker" with regards to plaintiff's termination, that decision was ratified and approved by the other physicians in defendant's practice.  Evidence of defendant's history with pregnant employees would be relevant.  See Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 524 (3d Cir. 2003) ("While not conclusive, an employer's favorable treatment of other members of a protected class can create an inference that the employer

---

"history of employment of pregnant employees" and their "personal experience as a pregnant employee," respectively. (Doc. #48-4, pp. 27-28.)

lacks discriminatory intent."); Elion v. Jackson, 544 F. Supp. 2d 1, 8 (D.D.C. 2008) (noting that "'[m]e too' evidence of an employer's past *non*-discriminatory and *non*-retaliatory behavior may be relevant" in Title VII action); McGee v. Stone & Webster Constr., Inc., 2008 WL 11422673, *13 n.96 (N.D. Ala. Feb. 29, 2008) (noting that the fact that "another employee in the same protected class as the plaintiff receives favorable treatment" can be used "as evidence to show that the employer's articulated reason for the employment decision is not a pretext for unlawful discrimination").

Plaintiff has produced evidence, however, that Dr. Rife was in fact <u>not</u> the decisionmaker with regards to plaintiff's termination. In opposing defendant's prior motion for summary judgment, plaintiff produced a declaration of one of defendant's former employees. (Doc. #36-2.) In the declaration, the former employee asserts the following:

> 3. In November 2016, I decided to resign my employment with Davis Roberts Boeller & Rife, P.A. I am friends with Dr. Rife, who told me after Ms. Bielawski was terminated that she did not make the decision to terminate Ms. Bielawski and that she did not even know Ms. Bielawski was being terminated at all. Dr. Rife told me that it was Mrs. Clemens' decision to terminate Ms. Bielawski and it was because Ms. Bielawski was pregnant. Dr. Rife told me that Ms. Clemens required her to go along with a story that Dr. Rife did not like Ms. Bielawski and that she was not a "good fit," to which Dr. Rife told me she disagreed with.
>
> 4. I heard a great deal of discussion about needing to "get rid of Janine" specifically due to her pregnancy.

> The practice's management said, "it doesn't matter that she's pregnant. You don't have to have a reason to fire someone in Florida." Additionally, management said "Good luck [to Janine] finding another job when she's pregnant. What's she gonna do, go on welfare?"

(Id. pp. 24-25.)

Plaintiff relied upon this declaration as direct evidence of defendant's discriminatory intent. (Doc. #36, p. 9.) If plaintiff is going to rely upon evidence that Dr. Rife simply ratified the discriminatory action of another employee, she cannot also reasonably argue defendant's history with pregnant employees is irrelevant. Rather, how defendant treated its past pregnant employees is clearly relevant to the credibility of the statements made in the declaration. See Reyes v. Goya Foods, Inc., 2013 WL 12133927, *2 (S.D. Fla. June 10, 2013) ("Credibility is always relevant.").[2] Accordingly, whether Dr. Rife made the decision and it was ratified by the other physicians, or another employee made the decision and it was attributed to Dr. Rife, the Court finds defendant's past treatment of pregnant employees is relevant to the issue of discriminatory intent.

Finally, plaintiff argues the evidence should be excluded under Rule 403 of the Federal Rules of Evidence. (Doc. #49, p. 5.) The Court disagrees. If the evidence is otherwise

---

[2] The evidence is also relevant to the extent plaintiff intends to introduce discriminatory statements allegedly made by defendant's "management."

admissible, the Court finds that Rule 403 does not provide a basis to exclude it.  See United States v. Norton, 867 F.2d 1354, 1361 (11th Cir. 1989)("Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence.  The balance under the Rule, therefore, should be struck in favor of admissibility." (marks and citations omitted)).

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion in Limine to Exclude Defendant's Purported "Comparator" Evidence and Incorporated Memorandum of Law (Doc. #49) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   22nd   day of December, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record